SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**James Meyers v. State Health Benefits Commission (A-27-22) (087633)**

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Smith's opinion, 474 N.J. Super. 1 (App. Div. 2022).)**

**Argued September 12, 2023 -- Decided December 14, 2023**

**PER CURIAM**

The Court considers petitioner James Meyers' challenge to the determination of the State Health Benefits Commission (SHBC) -- affirmed by the Appellate Division -- that he is not exempt from the health benefits premium-sharing obligations imposed by the New Jersey State Health Benefits Program Act (the Act).

In 2011, the Legislature added to the Act a new requirement that each public employee "contribute, through the withholding of the contribution from the monthly retirement allowance, toward the cost of health care benefits coverage for the employee in retirement." N.J.S.A. 52:14-17.28d(b)(1). The Legislature also created an exemption from those premium-sharing obligations for employees with "20 or more years of creditable service in one or more State or locally administered retirement systems on the effective date of [the statutory amendment]." Id. at (b)(3). In other words, the new obligations were not imposed on employees who had already accumulated twenty years of service as of June 28, 2011.

On that date, petitioner had 17 years and 9 months of creditable service time with the State Police. Upon petitioner's retirement on October 1, 2015, however, the Division of Pensions and Benefits (the Division) offered him retiree health benefits at "no premium cost."

In June 2017, the Division discontinued petitioner's fully paid health care insurance coverage, and the State began deducting premium-sharing contributions from petitioner's pension payments. 474 N.J. Super. 1, 5-6 (App. Div. 2022). Petitioner appealed the newly imposed deduction to the SHBC, which referred the matter to the Office of Administrative Law. Id. at 6. Concluding an injustice had taken place, the Administrative Law Judge (ALJ) invoked the doctrine of equitable estoppel and barred the SHBC from deducting contributions to petitioner's

1

retirement health benefits.  Id. at 7.  The SHBC rejected the ALJ's initial decision. Ibid.

Petitioner appealed, contending that the SHBC acted arbitrarily, capriciously, and unreasonably in reversing the ALJ's decision.  The Appellate Division affirmed the SHBC's final agency decision.  Id. at 11.  The Court granted certification.  252 N.J. 610 (2023).

**HELD:**  The judgment of the Appellate Division is affirmed substantially for the reasons expressed in Judge Smith's opinion.  The Court agrees with the Appellate Division's assessment that petitioner was never eligible for the exemption under N.J.S.A. 52:14-17.28d(b)(3) and that correcting the erroneous exemption was therefore proper.  Neither petitioner's subsequent service nor his purchase in 2013 of four years of military service credit could change the fact that he did not meet the bright line drawn by the Legislature by June 28, 2011.  The Court also agrees with the Appellate Division's determination that it was not necessary to reach the issue of equitable estoppel, and it offers additional comments on that point.

1.  On occasion, a court may be called upon to review equitable considerations in the context of government action, which may lead to the invocation of equitable estoppel principles.  That should be undertaken only after the court has assessed the nature of the government action and determined that evaluation of the equities is necessary.  A governmental entity cannot be estopped from refusing to take an action that it was never authorized to take under the law -- even if it had mistakenly agreed to that action.  The law distinguishes between an act utterly beyond the jurisdiction of a municipal corporation and the irregular exercise of a basic power under the legislative grant in matters not in themselves jurisdictional.  The former are ultra vires in the primary sense and void; the latter, ultra vires only in a secondary sense which does not preclude ratification or the application of the doctrine of estoppel in the interest of equity and essential justice.  (pp. 6-8)

2.  Here, the SHBC did not offer benefits within its authority and then change its mind.  The SHBC was never authorized to offer petitioner free health care benefits -- an act utterly beyond the jurisdiction of the SHBC and, therefore, ultra vires in the primary sense.  In reaching this conclusion, the Court declines to follow Juliano v. Borough of Ocean Gate, 214 N.J. Super 503 (Law Div. 1986), to the extent that the holding of that decision diverges from today's opinion.  (pp. 8-9)

**AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in this opinion.**

SUPREME COURT OF NEW JERSEY

A-27 September Term 2022

087633

James Meyers,

Petitioner-Appellant,

v.

State Health Benefits Commission,

Defendant-Respondent.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
474 N.J. Super. 1 (App. Div. 2022).

| Argued | Decided |
|---|---|
| September 12, 2023 | December 14, 2023 |

Richard M. Pescatore argued the cause for appellant (The Law Offices of Richard M. Pescatore, attorneys; Richard M. Pescatore, on the briefs).

Donna Arons, Assistant Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Donna Arons and Melissa H. Raksa, Assistant Attorney General, of counsel, and Alison Keating, Deputy Attorney General, on the briefs).

Raymond M. Baldino argued the cause for amicus curiae New Jersey Education Association (Zazzali, Fagella, Nowak, Kleinbaum & Friedman, attorneys; Raymond M. Baldino, of counsel and on the brief).

We affirm the Appellate Division's judgment substantially for the reasons expressed in Judge Morris Smith's comprehensive opinion, <u>Meyers v. State Health Benefits Commission</u>, 474 N.J. Super. 1 (App. Div. 2022).

The New Jersey State Health Benefits Program Act, N.J.S.A. 52:14-17.25 to -17.46a, (the Act) governs health care benefits for public employees in New Jersey.  In 2011, the Legislature amended the Act through legislation known as Chapter 78.  <u>L.</u> 2011, <u>c.</u> 78.  Among the amendments was a new requirement that each public employee "contribute, through the withholding of the contribution from the monthly retirement allowance, toward the cost of health care benefits coverage for the employee in retirement."  N.J.S.A. 52:14-17.28d(b)(1).  Chapter 78 also created an exemption from those premium-sharing obligations for employees with "20 or more years of creditable service in one or more State or locally administered retirement systems on the effective date of [Chapter 78]."  <u>Id.</u> at (b)(3).  In other words, the new obligations were not imposed on employees who had already accumulated twenty years of service as of June 28, 2011.

We agree with the Appellate Division that petitioner James Meyers was not and could never be a "public worker . . . who ha[d] 20 or more years of

creditable service in one or more State or locally administered retirement systems on [June 28, 2011]." See ibid. On that date, petitioner had seventeen years and nine months of creditable service time with the New Jersey State Police. No amount of subsequent service could change the fact that petitioner did not meet the bright line drawn by the Legislature by the requisite date.

Nor could petitioner's purchase of four years of military service credit qualify him as a public worker with "20 or more years of creditable service" within the meaning of N.J.S.A. 52:14-17.28d(b)(3). In a 2013 amendment to the State Health Benefits Program Act -- L. 2013, c. 87, known as Chapter 87 -- the Legislature made it possible for public employees who served in the military to purchase credit for that service. See N.J.S.A. 53:5A-6.1. Petitioner purchased credit for his service in 2013, as soon as the law made it possible. He argues that the 2013 statute somehow related back to the enactment of Chapter 78, such that his purchased credit should count toward his June 28, 2011 total time served. No explicit or implicit reference in N.J.S.A. 53:5A-6.1 supports that interpretation. Chapter 87 did not expand the class of pensioners exempt from payment for health care benefits.

Thus, although petitioner had twenty-five years and one month of State Police Retirement Service credit when he retired at age forty-six on October 1, 2015, he was subject to Chapter 78's health benefits premium-sharing

obligations.  Upon petitioner's retirement, however, the Division of Pensions and Benefits (the Division) erroneously offered him retiree health benefits at "no premium cost."  The mistake was discovered nearly two years later, and the State began deducting premium-sharing contributions from petitioner's pension payments.

This case centers on that decision.  We agree with the Appellate Division's assessment that petitioner was never eligible for the exemption under N.J.S.A. 52:14-17.28d(b)(3) and that correcting the erroneous exemption was therefore proper.

Petitioner contends that the State Health Benefits Commission (the SHBC) acted arbitrarily, capriciously, and unreasonably in reversing the Administrative Law Judge's (ALJ) decision.  The ALJ barred the SHBC from deducting health insurance premiums from petitioner's retirement payments based upon the following findings:

> Petitioner was "quite clear" that his health benefits would be free upon his retirement, based on his review of Division and State Police retirement literature, Division correspondence, and conversations with State Police HR and Division staff; that the SHBC intentionally misinformed petitioner about free health benefits at "every step of the way during [petitioner's] retirement planning"; and that petitioner detrimentally relied upon the SHBC's misinformation, without which he would not have purchased his military service time at a significant cost, nor applied for early retirement.

4

[Meyers, 474 N.J. Super. at 6 (alteration in original).]

In a final administrative determination, the SHBC reversed the ALJ's decision, finding that the ALJ's conclusions overlooked key facts in the record. The SHBC determined that the record contained evidence that signaled to petitioner, and others similarly situated, that purchases made after June 28, 2011, were subject to the provisions of Chapter 78. The SHBC concluded that any oral misrepresentations or erroneous letters by Division staff to petitioner were mistakes and not intentional misrepresentations, a necessary element to an equitable estoppel claim. Finally, the SHBC rejected the ALJ's finding that petitioner detrimentally relied on the Division's erroneous written and oral representation in making his decision to retire early. In so finding, the SHBC concluded that even if petitioner had worked beyond his retirement date of October 1, 2015, no amount of creditable service could be gained that would ever make him eligible for contribution-free health insurance benefits under Chapter 78.

The Appellate Division upheld the SHBC's final determination and found that petitioner was ineligible for "no cost premium" health care benefits in retirement because he did not meet the statutory requirements. The Appellate Division reasoned that "[t]he Legislature clearly intended to create a finite class of public employees, eligible for retirement, that would not have

health care premium contributions withheld from their monthly retirement allowance," and petitioner "was never a part of that class." Id. at 9. The court found that equitable estoppel did not apply, given petitioner's statutory ineligibility to receive free retirement health insurance benefits as of June 28, 2011.

The Appellate Division correctly determined that it did not need to reach the issue of equitable estoppel. We offer the following additional comments.

On occasion, a court may be called upon to review equitable considerations in the context of government action, which may lead to the invocation of equitable estoppel principles. That should be undertaken only after the court has assessed the nature of the government action and determined that evaluation of the equities is necessary. Skulski v. Nolan, 68 N.J. 179, 198 (1975).

As this Court has previously recognized, the doctrine of "[e]quitable estoppel is 'rarely invoked against a governmental entity.'" Middletown Twp. Policemen's Benevolent Ass'n Local No. 124 v. Township of Middletown, 162 N.J. 361, 367 (2000) (quoting Wood v. Borough of Wildwood Crest, 319 N.J. Super. 650, 656 (App. Div. 1999)). Although it is "not applied as freely against the public as in the case of private individuals, the doctrine of estoppel may be invoked against a municipality to prevent manifest wrong and

6

injustice." Gruber v. Mayor & Twp. Comm. of Raritan Twp., 39 N.J. 1, 14 (1962) (quoting Vogt v. Borough of Belmar, 14 N.J. 195, 205 (1954)). "Equitable considerations 'are relevant in assessing governmental conduct' and impose a duty on the court to invoke estoppel when the occasion arises." Middletown, 162 N.J. at 367 (quoting Wood, 319 N.J. Super. at 656). For instance, in Skulski, this Court found that the doctrine applied when pensioners detrimentally relied upon an award of disability pension benefits in deciding not to obtain full-time employment, thereby foreclosing the opportunity to secure alternate pension benefits. 68 N.J. at 199.

Before considering whether the equities require that a governmental entity be estopped from changing its position in a particular instance, the court must examine the precise nature of the governmental actions in question. Id. at 198. That is because a governmental entity cannot be estopped from refusing to take an action that it was never authorized to take under the law -- even if it had mistakenly agreed to that action. See ibid. The law distinguishes between actions otherwise within an entity's authority but marked by procedural irregularity and actions that are beyond the entity's authority:

> There is a distinction between an act utterly beyond the jurisdiction of a municipal corporation and the irregular exercise of a basic power under the legislative grant in matters not in themselves jurisdictional. The former

7

> are ultra vires in the primary sense and void; the latter, ultra vires only in a secondary sense which does not preclude ratification or the application of the doctrine of estoppel in the interest of equity and essential justice.
>
> [Middletown, 162 N.J. at 368 (quoting Skulski, 68 N.J. at 198).]

In Gruber, for example, this Court considered a municipality's adoption of an ordinance that rezoned a residential district for light industry. 39 N.J. at 8. Prior to adoption of that ordinance, the plaintiffs purchased a 131-acre tract on which they planned -- and received municipal approval -- to build homes. Id. at 4-7. The plaintiffs also received a number of approvals and extensions, on which they relied in planning their project. Ibid. The Court rejected the Law Division's conclusion that those approvals and extensions were wholly ultra vires in the primary sense, noting that the municipality would have had the capacity to exempt projects underway from subsequent ordinances such as the one that blocked the plaintiffs' development. Id. at 17-18. The Court therefore remanded for further factfinding to determine whether equitable estoppel applied. Id. at 18-19.

Here, in contrast, the SHBC did not offer benefits within its authority and then change its mind. Petitioner was never statutorily eligible for the benefits he was mistakenly awarded because he did not have the requisite years of creditable service by June 28, 2011. The SHBC was never authorized

8

to offer him free health care benefits -- an act utterly beyond the jurisdiction of the SHBC and, therefore, ultra vires in the primary sense.  See id. at 15, 17. As a result, the relief petitioner seeks in this matter is, quite simply, unavailable:  the SHBC has no ability to make a decision that would be considered void under the law, and the doctrine of equitable estoppel does not apply in this matter.

In reaching this conclusion, we decline to follow Juliano v. Borough of Ocean Gate, 214 N.J. Super 503 (Law Div. 1986), to the extent that the holding of that decision diverges from today's opinion.

The judgment of the Appellate Division is affirmed.


CHIEF JUSTICE RABNER and JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in this opinion.